# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Civil Action No. 1:16-02442-TFH** |
| ) | |
| **ONE GOLD RING WITH CARVED** ) | |
| **GEMSTONE, AN ASSET OF ISIL,** ) | |
| **DISCOVERED ON ELECTRONIC** ) | |
| **MEDIA OF ABU SAYYAF,** ) | |
| **PRESIDENT OF ISIL ANTIQUITIES** ) | |
| **DEPARTMENT;** ) | |
| ) | |
| **ONE GOLD COIN FEATURING** ) | |
| **ANTONINUS PIUS, AN ASSET OF** ) | |
| **ISIL, DISCOVERED ON** ) | |
| **ELECTRONIC MEDIA OF ABU** ) | |
| **SAYYAF, PRESIDENT OF ISIL** ) | |
| **ANTIQUITIES DEPARTMENT;** ) | |
| ) | |
| **ONE GOLD COIN FEATURING** ) | |
| **EMPEROR HADRIAN AUGUSTUS** ) | |
| **CAESAR, AN ASSET OF ISIL,** ) | |
| **DISCOVERED ON ELECTRONIC** ) | |
| **MEDIA OF ABU SAYYAF,** ) | |
| **PRESIDENT OF ISIL ANTIQUITIES** ) | |
| **DEPARTMENT;** ) | |
| ) | |
| **ONE CARVED NEO-ASSYRIAN** ) | |
| **STONE STELA, AN ASSET OF ISIL,** ) | |
| **DISCOVERED ON ELECTRONIC** ) | |
| **MEDIA OF ABU SAYYAF,** ) | |
| **PRESIDENT OF ISIL ANTIQUITIES** ) | |
| **DEPARTMENT;** ) | |
| ) | |
| **Defendants.** ) | |

## **NOTICE OF CASE STATUS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully states as follows:

### BACKGROUND

1. On December 15, 2016, the government filed its Verified Complaint for Forfeiture *In Rem*. *See* ECF 1.

2. The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") govern civil forfeiture actions *in rem* arising from a federal statute. *See* Supplemental Rule A(1)(B). The Federal Rules of Civil Procedure also apply except to the extent they are inconsistent with the Supplemental Rules. *See* Supp. Rule A(2).

3. Supplemental Rule G(4) governs the process by which the government must serve notice of the complaint. Notice is required to the public via publication, as well as to potential claimants via direct notice.

### PUBLICATION

4. On January 7, 2017, the government began publication by posting notice on www.forfeiture.gov, an official internet government forfeiture site. Notice was posted on this site for 30 consecutive days.

5. Thus, claims based on publication were due by March 9, 2017. *See* Supp. Rule G(5)(a)(ii).

### DIRECT NOTICE

6. Supplemental Rule G also requires that the government send direct notice "to any person who reasonably appears to be a potential claimant on the facts known to the government." Supp. Rule G(4)(b)(i).

7.       Direct notice was not feasible in this case, because putative claimants "name or whereabouts were not actually known to the government" and could "not have been reasonably ascertainable." *United States v. One Star Class Sloop Sailboat*, 458 F.3d 16, 25 (1st Cir. 2006).

8.       "Where, as here, the government does not know the name of a potential claimant, it need not take heroic measures to identify him.  But when the claimant's identity may be easily ascertained through minimal effort, the government cannot eschew these efforts." *Id.* (citations omitted); *see also United States v. $98,381.00 in U.S. Currency,* 2009 WL 1660587, *4 (S.D. Tex. June 15, 2009) (Government is not required to conduct a "sprawling, open-ended, impractical investigation to identify individual potential claimants," but it does have an obligation to make reasonable efforts where it is given leads to the identities of such persons).  "There is no exact formula for determining the quantum of diligence due an unidentified yet potentially ascertainable claimant.  Rather, the court must consider the circumstances, balance the interests of the government and the individual, and determine whether, on the whole of the record, the government's efforts were reasonable." *One Star Class Sloop Sailboat*, 458 F.3d at 25 (citing *Tulsa Prof'l Collection Servs. v. Pope*, 485 U.S. 478, 484 (1988)).  No ascertainable claimant exists in this matter who could feasibly be noticed, and thus, direct notice was neither possible, nor necessary.

CURRENT POSTURE OF INVESTIGATION

9.       The government has identified additional properties that may be subject to forfeiture, which are closely related to the defendant properties.  As such, the government anticipates that within four weeks it will move to amend its complaint to add these additional properties as *in rem* defendants, and seek other relief in regards to the present defendant properties.

WHEREFORE, the government respectfully requests leave to submit a status report regarding the status of the case no later than December 4, 2017.

Respectfully submitted,

JESSIE K. LIU
United States Attorney

By: */s/ Zia M. Faruqui*
Zia M. Faruqui, D.C. Bar No. 494990
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W., 4th Floor
Washington, D.C.  20530
(202) 252-7117