UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 16-cv-02442-TFH |
| | ) | |
| ONE GOLD RING WITH CARVED | ) | |
| GEMSTONE, AN ASSET OF ISIL, | ) | |
| DISCOVERED ON ELECTRONIC | ) | |
| MEDIA OF ABU SAYYAF, | ) | |
| PRESIDENT OF ISIL ANTIQUITIES | ) | |
| DEPARTMENT, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFAULT JUDGMENT AND ORDER OF FORFEITURE

This matter comes before the Court upon the Plaintiff's Motion for Entry of Default

Judgment and Order of Forfeiture, as well as the Memorandum of Points and Authorities submitted

in support of it.  The Court has carefully reviewed the history of this case, which is a civil forfeiture

action *in rem* against defendant property consisting of One Gold Ring with Carved Gemstone, an

Asset of ISIL, discovered on electronic media of Abu Sayyaf, President of ISIL Antiquities

Department, *et al.* (collectively, the "Defendant Properties").

The Defendant Properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(G)(i),

of all right, title, and interest in the Defendant Properties, which are forfeitable as foreign assets of

ISIL and as foreign assets affording a source of influence, as ISIL has and is engaged in planning

and perpetrating federal crimes of terrorism as define in 18 U.S.C. § 2332b(g)(5).

1

§ 981(a)(1)(G)(i) covers all property "foreign or domestic."  That is, the statute empowers the government to seek the forfeiture of property outside the United States, which may have never touched the United States.  The broad expanse of this language is for forfeiture actions to reach all property of terrorist organizations.  This court is the sole jurisdiction where such litigation is properly lodged.  28 U.S.C. § 1355(b)(2).

This Court has *in rem* jurisdiction over this matter.  Although the Defendant Properties are located oversees, this Court does not need constructive or actual possession in order to have *in rem* jurisdiction.  *United States v. Approximately $1.67 Million In Cash*, 513 F.3d 991, 998 (9th Cir. 2008) ("We find ourselves in agreement with the analysis of the D.C. and Third Circuits. The plain language and legislative history of the 1992 amendments makes clear that congress intended § 1355 to lodge jurisdiction in the district courts without reference to constructive or actual control of the res.").  "The language of 28 U.S.C. § 1355(b)(2) makes clear: "wherever property subject to forfeiture under the laws of the united states is located in a foreign country . . . An action or proceeding for forfeiture may be brought in . . . The United States District Court for the District of Columbia." *Id.*  "[C]ongress intended the District Court for the District of Columbia . . . To have jurisdiction to order the forfeiture of property located in foreign countries." *United States v. All Funds in Account in Banco Espanol de Credito*, 295 F.3d 23, 27 (D.C. Cir. 2002).  "Whether or not a foreign government will ultimately choose to comply with a judicial forfeiture order 'determines only the effectiveness of the forfeiture order of the district courts, *not their jurisdiction to issue those orders.*" *United States v. One Gulfstream Jet Aircraft*, 941 F. Supp. 2d 1, 7 (D.D.C. 2013) (quoting *Banco Espanol*, 295 F.3d at 26; *see also United States v. Approximately $1.67 Million in Cash*, 513 f.3d 991, 998 (9th Cir. 2008) ( "the plain language and legislative history of

2

[28 u.s.c. § 1355] makes clear that congress intended § 1355 to lodge jurisdiction in the district courts without reference to constructive or actual control of the res."); *Contents of Account Number 03001288 v. United States*, 344 F.3d 399, 405 (3d Cir. 2003) (noting that the foreign country's "compliance and cooperation with this forfeiture determines only the effectiveness of the district court's order, not its jurisdiction to issue that order"). Thus, this Court has *in rem* jurisdiction to issue a forfeiture order, regardless of whether the Turkish government or any other authorities comply with any subsequent or prior request for restraint of the property. *See United States v. All Assets Held at Bank Julius Baer*, 772 F. Supp. 2d 205, 211 (D.D.C.2011) (rejecting the claimant's argument that a foreign government's potential refusal to obey a court-issued forfeiture order diminishes the government's Article III standing).

On December 15, 2016, the plaintiff commenced this forfeiture action against the Defendant Properties by filing a Verified Complaint for Forfeiture *In Rem*. *See* Complaint, ECF 1. Plaintiff did not identify any known potential claimants. A verified claim by any potential claimants had to be filed with this Court within 35 days from the day of service of direct notice

On December 6, 2017, the plaintiff filed a Verified Amended Complaint for Forfeiture *In Rem*. *See* ECF 6. There are no known potential claimants by the Plaintiff. A verified claim by any known potential claimants had to be filed with this Court within 35 days from the day of service of direct notice.

The plaintiff also provided notification of this civil forfeiture action by publication pursuant to Rule G(4)(a)(iv) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

3

On January 7, 2017, the government commenced notification of the original forfeiture action on an internet site, http://www.forfeiture.gov, for 30 consecutive days pursuant to the Verified Complaint for Forfeiture *In Rem*.  Thus, any verified claim in response to notice by publication, other than from someone who received direct notice, had to be filed not later than March 9, 2017.

On March 1, 2018, the government commenced notification of the amended forfeiture action on an internet site, http://www.forfeiture.gov, for 30 consecutive days pursuant to the Verified Amended Complaint for Forfeiture *In Rem*.  Thus, any verified claim in response to notice by publication, other than from someone who received direct notice, had to be filed not later than May 1, 2018.

No person filed a verified claim, resulting in the entry of a Default by the Clerk of this Court on March 15, 2019.  *See* Clerk's Entry of Default, ECF 16.

No other party or putative party filed a pleading to challenge forfeiture of the Defendant Properties, or otherwise attempted to enter this case, and the time for filing a claim has expired. *See* Supplemental Rule G(5)(a)(ii).  Thus, the plaintiff is entitled to a default judgment pursuant to Fed. R. Civ. P. 55, and an Order of Forfeiture.  Based on the Government's well-pleaded allegations in its Verified Amended Complaint for Forfeiture *In Rem*, the Court finds that the Defendant Properties constituted or were derived as foreign assets of ISIL and as foreign assets affording a source of influence, as ISIL has and is engaged in planning and perpetrating federal crimes of terrorism as defined in 18 U.S.C. § 2332b(g)(5).  As such, the Defendant Properties are subject to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(G)(i).  The Court finds that the Verified Amended Complaint for Forfeiture *In Rem* states a factual and legal basis for

4

forfeiture. In addition, the Court also finds that process was fully issued in this action with respect to the Defendant Properties and returned according to law. In consequence, no response, answer, or defenses remain interposed and no opposition has been made to the Plaintiff's Motion for Entry of a Default Judgment and for Order of Forfeiture.

Based upon the foregoing and the entire record in this action, it is by the Court, on this 7th day of November 2019, hereby

**ORDERED**, that Plaintiff's Motion for Entry of a Default Judgment and Order of Forfeiture is **GRANTED**; and it is further

**ORDERED, ADJUDGED, AND DECREED**, that the Defendant Properties are **HEREBY DECLARED FORFEITED TO THE UNITED STATES OF AMERICA**, and that title to the Defendant Properties are vested in the United States of America; and that no right, title, or interest in the defendant property shall exist in any other person; and it is further

**ORDERED, ADJUDGED, AND DECREED**, that the United States of America shall transmit the Defendant Properties to the victims of the underlying fraud scheme, the identities of whom are known to the United States Attorney's Office for the District of Columbia; and it is further

5

ORDERED, that the Clerk of the Court shall forward a certified copy of this Order to USADC.AFMLS2@usdoj.gov.

ORDERED, that the Clerk of the Court may close this matter as fully resolved.

IT IS SO ORDERED.

_____
HON. THOMAS F. HOGAN
DISTRICT COURT JUDGE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA